James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:	(212) 374-0009
F:	(212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARVIN WILLIAMS,

                                 Plaintiff,

-against-

MIRACLE MILE PROPERTIES 2 LLC,
MIRACLE MILE PROPERTIES 4 LLC,
PARI GOLYAN, KOUROSH GOLYAN,
JOSEF GOLYAN AND FARAIDOON GOLYAN,

                                 Defendants.

Case No.
**COMPLAINT**

---

Plaintiff, MARVIN WILLIAMS ("Plaintiff"), by and through his undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, MIRACLE MILE PROPERTIES 2 LLC, MIRACLE MILE PROPERTIES 4 LLC, PARI GOLYAN, KOUROSH GOLYAN, JOSEF GOLYAN AND FARAIDOON GOLYAN (collectively, "the Defendants"), and state as follows:

**INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages for all hours worked and unpaid wages at the overtime rate for all work hours over forty (40) hours in a work week; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

1

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from the Defendants: (1) unpaid wages for all hours worked and unpaid wages at the overtime rate for all work hours over forty (40) hours in a work week; (2) liquidated damages; (3) statutory damages under NYLL§ 195(1) and NYLL§ 195(3); (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Nassau County, New York.

6. Upon information and belief, Defendant MIRACLE MILE PROPERTIES 2 LLC is a domestic limited liability company, organized and existing under the laws of the State of New York with a place of business at 287 Northern Blvd, Suite 110, Great Neck, New York 11021.

7. Upon information and belief, Defendant MIRACLE MILE PROPERTIES 4 LLC is a domestic limited liability company, organized and existing under the laws of the State of New York with a place of business at 287 Northern Blvd, Suite 110, Great Neck, New York 11021.

8. Upon information and belief, Defendant PARI GOLYAN is an owner, officer,

director, member and/or manager of Defendant MIRACLE MILE PROPERTIES 2 LLC and MIRACLE MILE PROPERTIES 4 LLC, who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, as well as the NYLL.

9. Defendant PARI GOLYAN exercised control over the terms and conditions of Plaintiff's employment, in that she had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the Plaintiff's employment.

10. Upon information and belief, Defendant KOUROSH GOLYAN is an owner, officer, director, member and/or manager of Defendant MIRACLE MILE PROPERTIES 2 LLC and MIRACLE MILE PROPERTIES 4 LLC, who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, as well as the NYLL.

11. Defendant KOUROSH GOLYAN exercised control over the terms and conditions of Plaintiff's employment, in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the Plaintiff's employment.

12. Upon information and belief, Defendant JOSEF GOLYAN is an owner, officer, director, member and/or managing agent of Defendant MIRACLE MILE PROPERTIES 2 LLC and MIRACLE MILE PROPERTIES 4 LLC, and who participated in the day-to-day

operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, as well as the NYLL.

13. Defendant JOSEF GOLYAN exercised control over the terms and conditions of Plaintiff's employment, in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the Plaintiff's employment.

14. Upon information and belief, Defendant FARAIDOON GOLYAN is an owner, officer, director, member and/or managing agent of Defendant MIRACLE MILE PROPERTIES 2 LLC and MIRACLE MILE PROPERTIES 4 LLC, and who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, as well as the NYLL.

15. Defendant FARAIDOON GOLYAN exercised control over the terms and conditions of Plaintiff's employment, in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the Plaintiff's employment.

16. At all relevant times, MIRACLE MILE PROPERTIES 2 LLC and MIRACLE MILE PROPERTIES 4 LLC, was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by MIRACLE MILE PROPERTIES 2 LLC and MIRACLE MILE PROPERTIES 4 LLC.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff for all hours worked and wages at the overtime rate for all hours worked over forty (40) hours in a work week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

19. Starting in or about June 2016, Plaintiff was employed by Defendants as a maintenance worker and cleaner at the following locations:

    a. 277 Northern Blvd Great Neck, New York;

    b. 287 Northern Blvd Great Neck, New York;

    c. 295 Northern Blvd Great Neck, New York;

    d. 305 Northern Blvd Great Neck, New York;

20. Defendants PARI GOLYAN, KOUROSH GOLYAN, JOSEF GOLYAN and FARAIDOON GOLYAN, MIRACLE MILE PROPERTIES 2 LLC and MIRACLE MILE PROPERTIES 4 LLC owned and operated the above referenced buildings.

21. Plaintiff was hired by Defendants on or about June 2016 to work as a maintenance worker at the buildings owned and operated by the Defendants.  At the start of his employment with Defendants Plaintiff worked approximately forty (40) hours per week in this position.

22. Shortly after beginning his work for the Defendants, Defendants directed Plaintiff to also work in the evening cleaning offices in the Defendants' buildings.

23. Plaintiff then worked seventy (70) hours per week.  Plaintiff worked five days per week, Monday through Friday, 9:00 a.m. to 11:00 p.m.

24. Defendants, in a scheme to avoid paying Plaintiff the overtime wages earned and owing paid Plaintiff in two separate paychecks. One paycheck from MIRACLE MILE PROPERTIES 2 LLC and a second paycheck from MIRACLE MILE PROPERTIES 4 LLC.

25. Defendants required Plaintiff to clock in and clock out on two separate time keeping devices to further their scheme to avoid paying Plaintiff the overtime premium he earned.

26. From June 2016 to present, Plaintiff's rate of pay was and still is $15.00 an hour, without an overtime premium for hours worked in excess of forty (40) hours in a week.

27. Plaintiff regularly works over forty (40) hours per week.

28. Plaintiff does not have an uninterrupted meal period of at least 1/2 hour per day. Despite the fact that Plaintiff did not receive a bona-fide meal period the Defendants deducted and continue to deduct 1/2 hour daily from Plaintiff's pay.

29. For instance, for the week of March 2, 2020 to March 8, 2020 Plaintiff worked seventy (70) hours. Plaintiff was paid $1,012.50 for the week. Plaintiff should have been paid $1,275.00 for all hours worked, including the overtime premium.

30. Defendants failed to pay Plaintiff an overtime premium for hours worked in excess of forty (40) per week.

31. Plaintiff was continuously employed by Defendants for over four (4) years.

32. Defendants failed to pay Plaintiff on a weekly basis as required by NYLL §190.

33. During the course of Plaintiff's employment, Defendants PARI GOLYAN, KOUROSH GOLYAN, JOSEF GOLYAN and FARAIDOON GOLYAN were in charge of setting Plaintiff's rate of compensation.

34. During the course of Plaintiff's employment, Defendants PARI GOLYAN, KOUROSH GOLYAN, JOSEF GOLYAN and FARAIDOON GOLYAN directed plaintiff on daily tasks to be completed as a maintenance worker and cleaner at the buildings.

35. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff wages for all hours worked and overtime wages for the total hours worked over forty (40) in a work week, in violation of the FLSA, NYLL and the supporting Federal and New York State Department of Labor Regulations.

36. Plaintiff was not provided with a wage notice pursuant to NYLL §195(1) by Defendants within 10 days of the start of his employment, nor at any time thereafter.

37. Plaintiff never received proper wage statements pursuant to NYLL §195(3).

38. Plaintiff as a maintenance worker and cleaner is a manual worker as defined by NYLL §190.

39. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

### COUNT 1

**[Violation of the Fair Labor Standards Act]**

40. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "39" of this Complaint as if fully set forth herein.

41. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

42. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of five hundred thousand dollars ($500,000.00).

43. Plaintiff is entitled to be paid for all hours worked and at the overtime rate for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

44. Defendants failed to pay Plaintiff compensation for all hours worked and for all hours worked over forty (40) hours in week as provided for in the FLSA.

45. At all relevant times, each of the Defendants had, and continues to have a policy and practice of refusing to pay Plaintiff for all hours worked and at the overtime rate for all hours worked over forty (40) hours in week which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

46. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by Defendants failure to compensate Plaintiff for all hours worked and at the overtime rate for all hours worked over forty (40) hours in week when they knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

47. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

48. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

51. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages at the

overtime wage rate, an equal amount as liquidated damages, and prejudgment interest thereon.

Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

52. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "51" of this Complaint as if fully set forth herein.

53. The wage provisions of the NYLL apply to the Defendants and protect the Plaintiff.

54. Defendants, pursuant to their policies and practices, refused and failed to pay the Plaintiff for all hours worked and the overtime wage rate for all hours worked over forty (40) hours in week to the Plaintiff.

55. By failing to lawfully compensate the Plaintiff, Defendants violated Plaintiff's statutory rights under the NYLL.

56. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

57. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from the Defendants unpaid wages, unpaid wages at the overtime wage rate, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

## COUNT 3

### [Failure to provide a Wage Notice]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

60. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of Plaintiff's employment or at any time thereafter.

61. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

62. Due to Defendants' willful violations of the NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with a wage notice up to a maximum penalty of $5,000.00 and reasonable attorney's fees and costs as provided for by NYLL, Article 6§198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. Defendants have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3) throughout his employment.

65. Through their knowing or intentional failure to provide the Plaintiff with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

66. Due to Defendants' willful violation of NYLL Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement up to a maximum penalty of $5,000.00 and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT 5

### [Failure to Comply with Frequency of Payments]

67. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68. Plaintiff, at all times relevant, was a Manual Worker as defined by NYLL § 190.

69. Defendants were required by NYLL § 191(1)(a) to pay Plaintiff weekly and not later than seven calendar days after the end of the week in which the wages were earned.

70. Defendants failed to comply with NYLL § 191(1)(a) by paying Plaintiff twice a month.

71. Due to Defendants' willful violations of NYLL § 191(a)(1), Plaintiff is entitled to liquidated damages, interest and reasonable attorney's fees and costs as provided for by NYLL, Article § 198(1-a)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARVIN WILLIAMS respectfully requests that this Court grant the following relief:

(1) An award of unpaid wages and unpaid overtime wages for all hours worked over forty (40) in a work week due under the FLSA;

(2)     An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(3)     An award of unpaid wages and unpaid wages at the overtime rate for all hours worked over forty (40) hours in a work week pursuant to the NYLL;

(4)     An award of statutory penalties in the amount of fifty ($50.00) dollars each day up to a maximum penalty of $5,000.00 for Defendants' failure to provide Plaintiff with a wage notice in violation of NYLL, Article 6, § 195(1);

(5)     An award of statutory penalties in the amount of two hundred and fifty ($250.00) dollars each day up to a maximum penalty of $5,000.00 for Defendants' failure to provide Plaintiff with wage statements in violation of NYLL Article 6, §195(3);

(6)     An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages and overtime wages for all hours worked over forty (40) hours in a work week pursuant to the NYLL;

(7)     An award of liquidated damages and statutory penalties as a result of Defendant's failure to comply with frequency of payment pursuant to NYLL;

(8)     An award of prejudgment and post-judgment interest;

(9)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(10)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
      July 13, 2020

        Respectfully submitted,

        By: <u>/s/ James F. Sullivan</u>
        James F. Sullivan, Esq.
        Law Offices of James F. Sullivan, P.C.
        52 Duane Street, 7th Floor
        New York, New York 10007
        T:    (212) 374-0009
        F:    (212) 374-9931
        *Attorneys for Plaintiff*
        jsullivan@jfslaw.net