UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARVIN WILLIAMS,

                      Plaintiffs,              **REPORT AND RECOMMENDATION**
                                                         CV 20-3127 (JS) (ARL)

     -against-

MIRACLE MILE PROPERTIES 2 LLC,
MIRACLE MILE PROPERTIES 4 LLC,
PARI GOLYAN, KOUROSH GOLYAN,
JOSEF GOLYAN AND FARAIDOON GOLYAN,

                      Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Plaintiff Marvin Williams commenced this action on July 14, 2020, against the defendants, Miracle Mile Properties 2 LLC, Miracle Mile Properties 4 LLC, Pari Golyan, Kourosh Golyan, Josef Golyan and Faraidoon Golyan, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 et seq. ("NYLL"). ECF No. 1. On March 25, 2022, J. Golyan's motion to dismiss all claims against him was granted, and default judgment was entered against Miracle Mile Properties 2 LLC, Miracle Mile Properties 4 LLC, Pari Golyan, Kourosh Golyan, and Faraidoon Golyan (collectively, "Defendants"). ECF No. 25. Currently before the Court, on referral from District Judge Seybert, is a motion to vacate the default judgment entered against Miracle Mile Properties 2 LLC, Miracle Mile Properties 4 LLC, Pari Golyan, Kourosh Golyan, and Faraidoon Golyan filed by Defendants. ECF No. 29. For the reasons set forth below, the undersigned respectfully recommends that the motion be denied in part and granted in part.

## BACKGROUND

A. **Procedural History**

Plaintiff commenced this action by filing a complaint on July 14, 2020. ECF No. 1. Defendants failed to answer or otherwise respond to the complaint. On December 1, 2020, Plaintiff requested entry of a default. ECF No. 11. The certificate of default as to all defendants was entered on December 9, 2020. ECF No. 12. Plaintiff moved for default judgment on March 29, 2021. ECF No. 13. In support of the motion for default judgment, Plaintiff submitted the Declaration of James F. Sullivan along with attached exhibits, the Declaration of Marvin Williams, and a memorandum of law. ECF Nos. 13, 18. By Order dated April 2, 2021, Judge Seybert referred Plaintiff's motion for default judgment to the undersigned. On July 22, 2021, Defendant J. Golyan filed an Opposition to Plaintiff's motion for Default Judgment and a Cross Motion to Dismiss for Insufficient Service of Process Pursuant to Federal Rule of Civil Procedure 12(b)(5). ECF No.16. Defendant J. Golyan's motion was also referred to the undersigned by Judge Seybert on July 23, 2021.

On February 21, 2022, the undersigned recommended that Defendant J. Golyan's motion to dismiss be granted, the motion for default judgment be granted as to Miracle Mile Properties 2 LLC, Miracle Mile Properties 4 LLC, Pari Golyan, Kourosh Golyan, and Faraidoon Golyan and Plaintiff be awarded damages in the following amounts: (1) $37,537.50 in unpaid overtime (2) $119,906.25 as liquated damages for frequency of pay violations; (3) $5,000 for wage notice violations and $5,000 for wage statement violations; (4) $47,537.50 in liquidated damages; and (5) $6,941.86 in prejudgment interest. The undersigned further recommended that Plaintiff's request for attorneys' fees and costs be denied. ECF No. 21. The Report and Recommendation was adopted by Judge Seybert on March 25, 2022. ECF No. 23. Final judgment against

2

Defendants was entered that same day.  ECF No. 25.

Defendants moved to vacate the entry of default judgment on June 3, 2023.  ECF No. 29.  In support of the motion to vacate, Defendants rely upon their Memorandum of Law in Support of Motion to Vacate Default Judgment ("Def. Mem.") as well as declarations provided K. Golyan, P. Golyan, F. Golyan, and Daniel Tubian.  ECF No. 29.  On June 20, 2023, former defendant J. Golyan filed an opposition to the motion to vacate the default judgment.  ECF No 30.[1]  Plaintiff opposed the motion to vacate on June 23, 2023, relying solely upon Plaintiff Marvin Williams' Memorandum of Law in Opposition to Defendants' Motion to Vacate Default Judgment ("Pl. Mem.").  ECF No. 33.  By order dated April 19, 2024, District Judge Seybert referred the motion to the undersigned for a report and recommendation.

B.  **Factual Background**

The Court presumes the parties' familiarity with the factual background as set forth in its Report and Recommendation dated February 1, 2022, ECF No. 21, and recites only the facts necessary to adjudicate the pending motion.

In the Complaint, Plaintiff alleges upon information and belief that Defendants Miracle Mile Properties 2 LLC and Miracle Mile Properties 4 LLC (together, "Corporate Defendants") are domestic limited liability companies, organized and existing under the laws of the State of New York with a place of business in Great Neck, New York.  Compl. ¶¶ 6, 7.  Plaintiff has filed an affidavit of service indicating that on July 20, 2020, Plaintiff served the Corporate Defendants by delivery of the summons and complaint to the Office of the Secretary of State of the State of

---

[1] Defendants cite *Martins v. Cty. of Nassau*, No. 15-cv-5120, 2017 U.S. Dist. LEXIS 62928, at *3, 2017 WL 1458770  (E.D.N.Y. Apr. 24, 2017) for the proposition that a defendant who has been dismissed from a case, "loses the concomitant authority to participate in motion practice," however, in that case the Court determined that "the Court would nevertheless be inclined to consider the points and authorities raised in his submission and, to that end, would make use of the 'variety of rules and rationales' that are available for doing so." *Id.* at *9.  This Court shall similarly consider the arguments raised in the J. Golyan opposition to the motion to vacate.

3

New York.  ECF Nos. 8, 9.  The address for Miracle Mile Properties 2 LLC provided by the Secretary of State is 287 Northern Blvd, Suite 110, Great Neck, NY 11021.  ECF No. 9.  According to an affidavit provided by Defendants, Miracle Mile Properties 2 LLC has its principal place of business at 287 Northern Boulevard, Suite 108, Great Neck, NY 11021.  K. Golyan Aff. at ¶ 5.[2]  The address for Miracle Mile Properties 4 LLC provided by the Secretary of State is 277 Northern Blvd, Suite 110 Great Neck, NY 11021.  ECF No. 10.  According to an affidavit provided by Defendants, Miracle Mile Properties 4 LLC has its principal place of business at 305 Northern Boulevard, Great Neck, NY 11021.  K. Golyan Aff. at ¶ 6.  In addition to the complaint, Plaintiff has filed an affidavit of service indicating the motion for default judgment was served on Defendants at 287 Northen Boulevard, Suite 110 Great Neck, N.Y.  ECF No 14.  The Court notes that this is not the address for either of the Corporate Defendants provided by the Secretary of State, however, as discussed, *supra*, Suites 108 and 110 share a common doorway and mail delivery.  A copy of this Court's Report and Recommendation was served at the same address as the motion for default judgment - 287 Northen Boulevard, Suite 110 Great Neck, N.Y.  ECF No. 22.

Pari Golyan, Kourosh Golyan, and Faraidoon Golyan (the "Individual Defendants") are alleged to be owners, officers, directors, members and/or managers of Defendants Miracle Mile Properties 2 LLC and Miracle Mile Properties 4 LLC, who participated in the day-to-day operations of the Corporate Defendants.  Compl. ¶¶ 8, 10, 12, 14.  Plaintiff contends that these Individual Defendants were served the Summons and Complaint on July 27, 2020.  Declaration

---

[2] Plaintiff has provided an affidavit indicating that "[u]pon exiting the elevator, there is a sign that directs anyone attempting to access Suite 110 or Suite 108 to enter through the same door. Suite 110 and Suite 108 are now the same and are both extensions of Miracle Mile Properties and the business operations of Miracle Mile Properties are now run out of the same office which is labeled as "Suite 110 & Suite 108". All mail for Suite 110 and Suite 108 is delivered to the same location."  Williams Dec. ¶ 12, ECF No. 18-1.

of James Sullivan ("Sullivan Dec.") ¶ 9.  According to Plaintiff, service upon each of the Individual Defendants was effectuated at 287 Northern Blvd., Suite 110 Great Neck, NY 11021 by "delivering thereat a true copy/copies of each to DANIEL TUBIAN a person of suitable age and discretion. Said premises is the defendant's/respondent's actual place of business within the state. He identified himself as the CO-WORKER of the defendant/respondent." *Id.* at Ex. E. Defendant K. Golyan avers that Suite 110 is not (and has never been) his place of business, Daniel Tubian was not authorized to accepted service on his behalf, he never received notice of this suit from Daniel Tubian, he was not served at his residence and was unaware of this lawsuit until April 2022.  K. Golyan Dec. at ¶¶ 28-31.  These averments are repeated in the Declaration of F. Golyan.  F. Golyan Dec. ¶¶ 28-34.  Defendant P. Golyan makes the same assertions and adds that Daniel Tubian was not an employee of hers, nor was he her coworker and he was never her employee or the employee of a business she ever has owned.   P. Golyan Dec. at ¶¶ 7-14. Daniel Tubian has submitted a declaration claiming he has no recollection of receiving the Summons and Complaint in this action, that he is not a coworker of Kourosh Golyan, Faraidoon Golyan, or Pari Golyan, that he was never authorized to accept service on behalf of any of the Individual Defendants and that to his knowledge, none of the Individual Defendants operate any business out of 287 Northern Blvd., Suite 110, Great Neck, NY 11021.  Tubian Dec. ¶¶ 5-10.

In the motion to vacate, Defendants claim that they learned of entry of the default judgment against them in April 2022 when J. Golyan's attorney gave them notice of the default judgment.  K. Golyan Dec. ¶ 32.  In May 2022, Defendants reached out to Plaintiff's counsel and requested that Plaintiff agree to stipulate to vacate the default. *Id*. ¶ 34.  According to Defendants, Plaintiff's counsel advised that he was not "inclined to vacate the default", however, Defendants contend that an oral agreement was reached by which Plaintiff's counsel agreed that

5

he would not take action to enforce the judgment without notifying Defendants' counsel first. *Id.* Plaintiff does not confirm or deny the existence of such agreement. According to Defendants, communications between counsel continued over a period of months and only ceased when Plaintiff's counsel failed to respond to repeated requests for further negotiation, the last of which was in September 2022. *Id.*¶ 35. In May 2023, the Corporate Defendants received notice that their bank accounts had been frozen. K. Golyan Dec., Exh. A. Defendants argue that though Plaintiff's counsel never rescinded the oral agreement, it appears that Plaintiff himself undertook action to effectuate collection. *Id.* ¶ 37.

Additionally, Defendants claim that they had no notice of the action prior to the entry of default judgment. According to Defendants, at the time that service was allegedly made, no one was working on site, and the only two individuals who may have gone on site to receive service were Bijan, who was in critical care at the time, and Joseph, who, if he received notice, did not notify the other defendants. Further, the individual who supposedly accepted service on the Golyan Defendants behalf, Tubian, did not work at the address in which service was made and he was not authorized to accept service in any capacity. D. Tubian Dec. ¶ 9, K. Golyan Dec. ¶ 29, P. Golyan Dec. ¶ 11, F. Golyan Dec. ¶ 31.

## DISCUSSION

### A. Standard of Review

Defendants bring their motion pursuant to Federal Rule of Civil Procedure ("Rules") 55(c) and 60(b)(1). *See* Def. Mem. at 5. However, "[b]ecause there was a final judgment entered, the Court must consider the motion under Rule 60, not Rule 55." *See* Fed. R. Civ. P. 60(b) (providing the reasons a "court may relieve a party ... from a final judgment, order, or proceeding"); *see also* Fed. R. Civ. P. 55(c) (The court may set aside entry of default for good

6

cause, and it may set aside a final default judgment under Rule 60(b)).

Rule 60(b) provides, that a court may vacate a final judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[C]ourts apply the factors more rigorously in the case of a default judgment, because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "[E]vidence in support of the motion to vacate a final judgment [must] be highly convincing." *Kotlicky v. United States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987). (S.D.N.Y.2005). A motion to vacate under Rule 60(b) is "addressed to the sound discretion of the district court and [is] generally granted only upon a showing of exceptional circumstances." *Mendell, v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990). However, "if the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Cent. Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir. 2003) (internal quotation omitted).

## B. Analysis

Defendants seek to vacate the default judgment pursuant to Rule 60(b)(1) based upon a showing of mistake, inadvertence, surprise or excusable neglect. Def. Mem. at 5-6. Rule 60(b)(1) motions, however, are subject to strict time limitations. "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Tapper v. Hearn*,

7

833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Rule 60(c) requires that all Rule 60(b)(1), be filed within one year from entry of judgment. *See Kemp v. United States*, 596 U.S. 528, 533, 142 S. Ct. 1856, 213 L. Ed. 2d 90 (2022) (quoting Fed. R. Civ. P. 60(c)(1)). "The one-year limitation period for Rule 60(b)[(1)] motions is absolute." *Wang v. Int'l Bus. Machines Corp.,* 839 Fed. Appx. 643, 646 (2d Cir. 2021) (summary order) (quoting *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006)); *see also Suazo v. Bryant Props. 769 LLC,* 21 Civ. 2996 (KPF), 2024 U.S. Dist. LEXIS 38106, 2024 WL 967226 (S.D.N.Y. Mar. 5, 2024). Here, final judgment was entered on March 25, 2022. *See* ECF No. 25. Defendants learned of entry of the default judgment against them Defendants in April 2022 when J. Golyan's attorney, in an unrelated matter, gave them notice of the default judgment. K. Golyan Dec. ¶ 32. In May 2022 Defendants reached out to Plaintiff's counsel and requested that Plaintiff agree to stipulate to vacate the default. *Id*. ¶ 34. According to Defendants, Plaintiff's counsel advised that he was not "inclined to vacate the default", however, Defendants contend that an oral agreement was reached by which Plaintiff's counsel agreed that he would not take action to enforce the judgment without notifying Defendants' counsel first. *Id.* Communications between counsel continued over a period of months and only ceased when Plaintiff's counsel failed to respond to repeated requests for further negotiation, the last of which was in September 2022. *Id*. ¶ 35. In May 2023, the Corporate Defendants received notice that their bank accounts had been frozen. K. Golyan Dec., Exh. A. Nevertheless, Defendants, despite knowledge of the entry of final judgment, did not move to vacate the judgment until June 3, 2023 almost 15-months after entry of final judgment and therefore the motion must be denied on that basis.

However, despite failing to cite Rule 60(b)(4), Defendants also contend that this Court

8

should vacate the default judgment because Plaintiff failed to effectuate proper service on Defendants.  Def. Mem. at 1.  Personal jurisdiction is a necessary prerequisite to entry of a default judgment.  If a defendant does not receive service in compliance with Rule 4 the court lacks personal jurisdiction over the defendant.  *See Martin v. N.Y. State Dep't of Mental Hygiene,* 588 F.2d 371, 373 (2d Cir. 1978); *see also Michaelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989) (stating that proper service on a defendant of a summons and complaint is a prerequisite to personal jurisdiction).  Accordingly, if service were not proper the default judgment entered in this action would be void because the Court has no jurisdiction of Defendants.  *See Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y. 2003) ("One common reason that a void judgment issues is because of defective service that fails to properly put a defendant on notice of the complaint against him. Without proper service a court has no personal jurisdiction over a defendant."); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected."); *Cablevision Sys. NY City Corp. v. James*, No. 01-CV-8170, 2008 WL 821513, at *1 (E.D.N.Y. Mar. 24, 2008) ("[i]f service is improper, a default judgment rendered after such service . . . must be vacated").

When moving to vacate a default judgment on the basis of defective service the motion should be considered a motion under Rule 60(b)(4).[3]  *See Singh v. Meadow Hill Mobile Inc.*, No.

---

[3] The Second Circuit's three-factor test for analyzing a motion to vacate a default judgment requiring a court to consider: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice, is inapplicable to motion pursuant to Rule 60(b)(4).  *See, e.g., In re Orion HealthCorp, Inc.,* No. 18-71748-67 (AST), 2022 Bankr. LEXIS 905, 2022 WL 993850 (Bankr. E.D.N.Y. Apr. 1, 2022)); *Vega v. Trinity Realty Corp., et al.*, No. 14-cv-7417 (RJS), 2021 U.S. Dist. LEXIS 34354, 2021 WL 738693, at *5-6 (S.D.N.Y. Feb. 24, 2021).  Accordingly, Defendants' argument with respect to satisfaction of this three-part test have been disregarded.

9

20-CV-3853, 2023 U.S. Dist. LEXIS 103662, at *6, 2023 WL 3996867, (S.D.N.Y. June 14, 2023) (motion to vacate default on the ground that it is void because service of process was defective properly brought under Rule 60(b)(4)); *Miss Jones, LLC v. Ming Kang Low*, No. 18-CV-4386, 2022 U.S. Dist. LEXIS 168699, 2022 WL 4325727 (E.D.N.Y. Sep. 19, 2022) ("a claim of failed service falls exclusively under Rule 60(b)(4)"); *Trustees of the Local 531 Pension Fund v. Am. Indus. Gases, Inc.,* 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) ("[g]iving defendant the benefit of the intendment of its argument, the Court interprets its brief to allege that the default judgment is 'void' pursuant to Rule 60(b)(4) because [plaintiff] failed to adequately serve process, and thus the Court lacked personal jurisdiction) (citing *Arista Records, Inc. v. Musemeci*, 03-CV-4465, 2007 U.S. Dist. LEXIS 81630, at *5-*6 (E.D.N.Y. Sept. 19, 2007) ("[a]lthough he does not specifically cite Rule 60(b)(4), defendant alleges that he was never served with a summons or complaint. . . . The court construes this as a motion to vacate the default judgment on the ground that the default judgment was void for want of personal jurisdiction").

"Of [the available] grounds for vacating default judgment, Rule 60(b)(4) is 'unique' because 'relief is not discretionary and a meritorious defense is not necessary.'" *Global Gold Mining, LLC v. Ayvazian,* 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013) (quoting *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980)). Indeed, a motion for relief under Rule 60(b)(4) may be brought long after other Rule 60(b) motions would be untimely. "In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time.'" *"R" Best Produce*, 540 F.3d at 124 (2d Cir. 2008) (quoting *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997)); *see also Cent. Vt. Pub. Serv.*, 341 F.3d at 189 (concluding that a motion seeking to vacate a judgment based on a lack of subject-matter

10

jurisdiction was timely four years later); *Crosby v. Bradstreet Co.*, 312 F.2d 483, 485 (2d Cir. 1963) (vacating judgment as void 30 years after entry). Thus, although Defendants motion under Rule 60(b)(1) is untimely, the motion under Rule 60(b)(4) is timely.

Plaintiff has failed to respond to Defendants' argument the service was defective, and, has not contradicted the statements regarding service set forth in the affidavits provided by Defendants, thus conceding this argument. *See, e.g., Canas v. Whitaker*, No. 6:19-CV-06031-MAT, 2019 U.S. Dist. LEXIS 89812, 2019 WL 2287789, at *6 (W.D.N.Y. May 29, 2019) (""It is well settled in this Circuit that '[a] plaintiff effectively concedes a defendant's arguments by his failure to respond to them'"); *Felske v. Hirschmann*, No. 10 Civ. 8899 (RMB), 2012 U.S. Dist. LEXIS 29893, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A Plaintiff effectively concedes a defendant's arguments by his failure to respond to them"); *Rosenblatt v. City of New York*, No. 05 Civ. 5521 (GEL), 2007 U.S. Dist. LEXIS 55853, 2007 WL 2197835, at *7 (S.D.N.Y. July 31, 2007) ("Plaintiff effectively concedes defendants' other arguments ... by her failure to respond to them"); *Miles v. Walawender*, No. 10-CV-00973 (JJM), 2013 U.S. Dist. LEXIS 65068, 2013 WL 1908304, at *1 (W.D.N.Y. May 7, 2013) ("Plaintiff's opposing Memorandum of Law does not respond to this argument, and effectively concedes these arguments by his failure to respond to them"). This is especially true, where, as here, "the burden of proof in Rule 60(b)(4) motions is properly placed on the party asserting that the judgment is not void." *Weingeist v. Tropix Media & Ent.*, No. 20-CV-275, 2022 U.S. Dist. LEXIS 59975, 2022 WL 970589, at *4 (S.D.N.Y. Mar. 30, 2022).

However, even though Plaintiff has not responded to Defendants' argument that service was improper, Plaintiff did provide the Court with an affidavit to demonstrate that service was proper in support of his motion for a default judgment. ECF No. 13. In resolving motions to

vacate default judgment based on improper service, courts consider affidavits or declarations submitted by the parties. *See, e.g., Chettri v. Nepal Bangladesh Bank, Ltd*., 2014 U.S. Dist. LEXIS 122731, 2014 WL 4354668, at *6, 10-11 (S.D.N.Y. Sept. 2, 2014) (on motion to vacate default judgment, relying on the parties' affidavits and declarations in determining that plaintiffs had not met their burden to demonstrate that service was proper); *Velez*, 203 F. Supp. 2d at 326 (on motion to vacate default, considering defendant's affidavit in determining whether service was proper); *GMA Accessories, Inc. v. BOP, LLC*, 2008 U.S. Dist. LEXIS 26120, 2008 WL 762782, at *1-2 (S.D.N.Y. Mar. 20, 2008) (on motion to vacate default, relying on parties' declarations and affidavits in determining whether service was proper). Thus, the Court will consider Plaintiff's prior affidavits for this purpose.

Turning first to the Corporate Defendants - Miracle Mile Properties 2 LLC and Miracle Mile Properties 4 LLC which are domestic limited liability companies, organized and existing under the laws of the State of New York - service of process under "article three of the limited liability company law" authorizes service on an LLC via the secretary of state. N.Y. Ltd. Liab. Co. § 303 (McKinney 1999).[4] Here, Plaintiff has submitted an affidavit indicating service was made on the Corporate Defendants by service upon the Secretary of State. Defendants do not argue that service on the Secretary of State was improper, rather Defendants state, "[w]hen this suit was first brought, the Golyan Defendants were grieving the unfortunate passing of Bijan. Further, closure of their physical office space (located at 287 Northern Blvd., Suite 108, Great Neck, NY 11021 and not at 287 Northern Blvd., Suite 110, Great Neck, NY 11021, as reflected in the

---

[4] The same rule applies to corporations. "New York law permits service based on delivery of the summons and complaint to the New York Secretary of State as an agent of the corporation." *Trustees of the Local 531 Pension Fund v. Am. Indus. Gases, Inc.,* 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) (citing N.Y. Bus. Corp. Law § 306(b)(1)).

12

affidavits of service) resulted in Defendants not receiving actual notice about this suit." Def. Mem. at 6. "[F]ailure to actually receive the summons and complaint from the Secretary of State does not make service improper." *Logan v. World Luxury Cars, Inc.*, No. 15 Civ. 248 (ENV) (PK), 2022 U.S. Dist. LEXIS 61128, 2022 WL 2466834, at *5 (E.D.N.Y. Mar. 30, 2022), report & recommendation adopted, 2022 U.S. Dist. LEXIS 235256, 2023 WL 156878 (E.D.N.Y. Jan. 11, 2023) (citing *Miller,* 1999 U.S. Dist. LEXIS 14413, 1999 WL 730981, at *7); *Vega v. Trinity Realty Corp.*, No. 14 Civ. 7417 (RJS), 2021 U.S. Dist. LEXIS 34354, 2021 WL 738693, at *5 (S.D.N.Y. Feb. 24, 2021) ("[s]ervice was complete ... when [the plaintiff] delivered the complaint and summons to the Secretary of State ... regardless of whether [the defendant] received actual notice of the lawsuit"). Likewise, "[D]efendant's mere denial of receipt, in opposition, [is] insufficient to rebut the presumption of proper service created by service upon the Secretary of State." *NYCTL 2013-A Tr. v. Heights Houses Corp.*, 172 A.D.3d 1078, 98 N.Y.S.3d 460, 461 (2d Dep't 2019).

As recognized by the Court in *Trustees of the Local 531 Pension Fund v. Am. Indus. Gases, Inc.,* 708 F. Supp. 2d 272, 275 "[a]s creatures of the law, naturally, corporations must strictly comply with organizational requirements of the law of their creation. In New York, the business corporation law requires that corporations like [defendant] register with the Secretary of State and authorize the Secretary to State to accept legal process to guarantee that those aggrieved by their acts or omissions can have access to justice." *Id*. at 276; *see also Am. Transit Ins. Co. v. Bilyk*, 546 F. Supp. 3d 192, 198 (E.D.N.Y. 2021) ("[a] major purpose of listing an address with the Department of State is to facilitate service of process"). This analysis applies with equal strength to LLCs. Accordingly, Defendants "own willfulness or gross negligence in failing to comply with the law and update its address in the Secretary of State's register explains

13

any lack of actual notice, but does not change the fact that process was proper and complete, and that it conferred personal jurisdiction of this Court over [the Corporate Defendants] in this case." *Id.*; *see also Logan v. World Luxury Cars, Inc.*, No. 15-CV-248 (ENV) (PK), 2022 U.S. Dist. LEXIS 235256, 2023 WL 156878, at *2 (E.D.N.Y. Jan. 11, 2023) ("New York law requires corporations to advise the Secretary of State of any change of address, and accordingly, because plaintiff served [defendant] through the Secretary of State, service on that defendant was necessarily proper, regardless of whether the address on file was correct.").[5]  The undersigned respectfully recommends the Court deny Defendants' motion to vacate the default judgment as to the Corporate Defendants.

With respect to service on the Individual Defendants, "[a] process server's sworn statement of service creates a presumption that service has been effectuated." *De Curtis v. Ferrandina*, 529 F. App'x 85, 85-86 (2d Cir. 2013) (summary order); *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.,* 301 F.3d 54, 57 (2d Cir. 2002) (noting that under New York Law, "a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that [defendant] was properly served").  Service of process upon an individual within a judicial district of the United States is governed by Rule 4(e) which states that service may be completed by:

> (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

---

[5] Even under the New York State "excusable default" provision, N.Y. C.P.L.R. § 5015(a)(1), a party's failure to update its information with the Secretary of State "will not constitute reasonable excuse to vacate a default judgment." *Cedeno*, 615 N.Y.S.2d at 40 (quoting *Conte Cadillac v. C.A.R.S. Purch. Serv.*, 126 A.D.2d 621, 511 N.Y.S.2d 58, 59 (App. Div. 1987)); *see also Crespo v. A.D.A. Mgmt.*, 292 A.D.2d 5, 739 N.Y.S.2d 49, 52-53 (App. Div. 2002) ("The failure of a corporate defendant to receive service of process due to breach of the obligation to keep a current address on file with the Secretary of State does not constitute a reasonable excuse for the defendant's failure to respond to the lawsuit before the issuance of default judgment." (citations omitted)); *FGB Realty Advisors, Inc. v. Norm-Rick Realty Corp.,* 227 A.D.2d 439, 642 N.Y.S.2d 696, 697 (App. Div. 1996) (holding that failure to update Secretary of State with address "is a breach of the corporate defendant's responsibility which does not constitute a reasonable excuse for purposes of vacating a default judgment").

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In this case, the applicable state law is governed by Section 308 of the New York Civil Practice Law and Rules ("C.P.L.R.") which provides in pertinent part:

> Personal service upon a natural person shall be made by any of the following methods:
>
> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other . . . .
>
> 3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . . .
>
> 4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other . . . .

     5.    in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

C.P.L.R. § 308.

Here, Plaintiff argues that each of the Individual Defendants "was served by delivering the Summons and Complaint to a person of suitable age and discretion at Defendant['s], actual place of business by delivering a copy of same to Daniel Tubian a person of suitable age and discretion" on July 27, 2020. Process was served at the business address of 287 Northern Boulevard, Suite 110, Great Neck, New York 11021. Defendants, however, have provided affidavits denying they ever received notice of the action and that the individual served, Daniel Tubian was not authorized to accept service on their behalf. *See, e.g.,* K. Golyan Dec. at ¶¶ 28-31; F. Golyan Dec. ¶¶ 28-34; P. Golyan Dec. at ¶¶ 7-14. "A defendant's affidavit denying service rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, only where the defendant swears to specific facts to rebut the statements in the process server's affidavits." *Id*. To do so, a defendant must go beyond a "general denial of service." *Cablevision Sys. N.Y.C. Corp. v. Okolo*, 197 F. App'x 61, 62 (2d Cir. 2006) (summary order). Plaintiff has inexplicably decided to remain silent on the issue, thereby conceding that service on the Individual Defendants was defective. By failing to address the Individual Defendants affidavits regarding service, Plaintiff has failed to present sufficient evidence that he properly served any of the Individual Defendants and, therefore, he has failed to meet his burden of proving personal jurisdiction. Accordingly, the undersigned respectfully recommends that the default judgment against K. Golyan, P. Golyan and F. Golyan be set aside pursuant to Rule 60(b)(4).

16

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below.  Counsel for plaintiffs shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
June 21, 2024

/s/
ARLENE R. LINDSAY
United States Magistrate Judge
